IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN LEE ROBINSON,

    Petitioner,   No. CIV S-03-0856 LKK JFM P

    vs.

SILVIA GARCIA, Warden, et al.,  AMENDED

    Respondents.   FINDINGS AND RECOMMENDATIONS[1]

_____/

  Petitioner, a state prisoner proceeding pro se, has filed a motion pursuant to Fed. R. Civ. P. 60(b)(6) to set aside the judgment entered in this habeas corpus action on February 2, 2004.[2] This action was dismissed as time-barred pursuant to a motion to dismiss brought by respondents. In his Rule 60(b) motion, petitioner contends that the court did not adequately evaluate his history of mental illness in determining that petitioner was not entitled to equitable tolling of the limitations period.

---

[1] These findings and recommendations amend and supersede the findings and recommendations filed in this action on April 13, 2005, in light of objections filed by respondents on April 15, 2005.

[2] The Federal Rules of Civil Procedure may apply to any habeas corpus proceeding "to the extent that they are not inconsistent with any statutory provisions" or the Rules Governing Section 2254 Cases in the United States District Courts. Rule 11, 28 U.S.C. foll. § 2254.

1  Federal Rule 60(b)(6) of the Federal Rules of Civil Procedure provides in relevant
2  part that a party may be relieved from a final judgment or order on a showing of "any other
3  reason justifying relief from the operation of the judgment." Rule 60(b)(6) is "a provision . . .
4  used 'sparingly and as an equitable remedy to prevent manifest injustice.' <u>United States v.</u>
5  <u>Alpine Land & Reservoir Co.</u>, 984 F.2d 1047, 1049 (9th Cir.1993). A party is entitled to relief
6  under Rule 60(b)(6) where 'extraordinary circumstances prevented [him] from taking timely
7  action to prevent or correct an erroneous judgment.' <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1273
8  (9th Cir.1997) (citations and quotation marks omitted); <u>see</u> also <u>Ackermann v. United States</u>, 340
9  U.S. 193, 200-02, 71 S.Ct. 209, 95 L.Ed. 207 (1950)." <u>Hamilton v. Newland</u>, 374 F.3d 822, 824
10 (9th Cir. 2004).

11  The contentions in the instant motion concerning petitioner's alleged mental
12 impairment were raised in his objections to this court's findings and recommendations on
13 defendants' motion to dismiss, and considered by the district court in its <u>de novo</u> review of the
14 record herein. Mere reassertion of those contentions, even if in slightly expanded form, does not
15 meet the substantive showing required by Fed. R. Civ. P. 60(b)(6) to warrant relief under that
16 section from the final judgment entered in this action.

17  For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's
18 February 14, 2005 motion to vacate judgment be denied.

19  These findings and recommendations are submitted to the United States District
20 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
21 days after being served with these findings and recommendations, any party may file written
22 objections with the court and serve a copy on all parties. Such a document should be captioned
23 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
24 shall be served and filed within ten days after service of the objections. The parties are advised
25 /////
26 /////

1  that failure to file objections within the specified time may waive the right to appeal the District

2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED:  April 22, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

12
robi0856.60bamd